RUFFIN, et al. *v.* BURKHALTER, EXECUTRIX, et al.

No. 41400 March 7, 1960 118 So. 2d 357

*Carlton & Henderson,* Sumner, for appellant.

*J. H. Caldwell,* Charleston, for appellee Mrs. Maysel Burkhalter, Executrix.

*Bell & McBee,* Greenwood; *James A. Blount,* Charleston, for appellees, Mrs. Maysel Burkhalter, individually, and Charles M. Willingham.

GILLESPIE, J.

T. F. Willingham died intestate on June 1, 1929, leaving as his heirs his widow, Mrs. Kate B. Willingham, and five children, viz: F. B. Willingham, who died October 30, 1937; Mrs. Anna Mai Ruffin and Mrs. Eunice Swearengen, appellants; and Mrs. Maysel Burkhalter and Charles M. Willingham, appellees. T. F. Willingham owned at the time of his death lands and personal property including a store business known as the Willingham Store.

In January 1954, Mrs. Kate B. Willingham died testate. In her will, Mrs. Willingham made certain bequests and devises not involved on this appeal. She then bequeathed to appellants equally ''the money left.'' All

undisposed of property was given to her children, the appellants and appellees, to be divided equally. Mrs. Burkhalter was appointed executor according to the terms of the will. Four bank accounts in two banks are involved. In each bank were two accounts, one in the name of "Mrs. T. F. Willingham" and one in the name of "Kate B. Willingham." The accounts in the latter name are referred to as the "Store Accounts."

The lower court construed the gift of "money left" to appellants by the will of Mrs. Kate B. Willingham to include all money on deposit in banks, *if it belonged to Mrs. Kate B. Willingham at the time of her death.* All parties agree on this construction.

An issue was made up in the lower court to determine whether appellants were entitled to the money in the "Store Accounts" under the gift to them of "money left." Appellants contended the Willingham Store and the "Store Accounts" belonged to Mrs. Kate B. Willingham at the time she died and appellants were entitled to the money in the "Store Accounts" under the "money left" gift in the will of Mrs. Kate B. Willingham. Appellees contended that Mrs. Kate B. Willingham had only a one-fifth interest in the store and "Store Accounts." The chancellor decided the issue in favor of appellees and appellants appealed.

There was no conflict in the testimony. T. F. Willingham owned the Willingham Store when he died intestate June 1, 1929. On June 6, 1929, all of the children of T. F. Willingham executed an instrument reciting that their father died intestate and that his real and personal property descended to them and their mother, Mrs. Kate B. Willingham, as tenants in common, and that they desired to place with and give their mother the full, complete, and unrestricted use and management of such property to the end that it be kept together and managed so as to be profitable to them and her; and said instrument appointed and constituted Mrs. Kate B. Willingham as

their agent and attorney in fact, with full, complete and unrestricted use, control, and management of all of said property, including the full and complete right to use, operate, and manage the mercantile business. The instrument provided that Mrs. Kate B. Willingham ''shall make to us such accounting with reference thereto as she deems proper, and as we may find proper ourselves.'' There was no provision limiting the agency as to time. Under this power of attorney Mrs. Kate B. Willingham took over the store. She operated it in her own name until her death in 1954. In 1930, all the heirs of T. F. Willingham partitioned by agreement the lands inherited from him.

F. B. Willingham, one of the children, died intestate on October 30, 1937. His heirs were the remaining children, appellants and appellees, and their mother, Mrs. Kate B. Willingham. On November 22, 1937, appellees and appellants executed an instrument appointing their mother, Mrs. Kate B. Willingham, their agent and attorney in fact to manage and operate the lands, livestock, feed, plows and farming implements owned by F. B. Willingham at the time of his death. The terms of this instrument were similar to the one dated June 6, 1929, following the death of T. F. Willingham, except that it did not mention the mercantile store. Thereafter, until she died, Mrs. Kate B. Willingham managed and operated the farm lands owned by F. B. Willingham at the time of his death.

All parties to this controversy were incompetent witnesses under Section 1690, Code of 1942. Mrs. Ruffin's husband testified that he was present when the deeds partitioning the T. F. Willingham lands were signed and that there was no discussion relative to the store, and he knew of no bill of sale relative to the store. He did not recall any discussion of the store at any time. He testified ''the store was turned over to Mrs. Kate B. Willingham.'' The statement is consistent with the tak-

ing over of the store in 1929 under the power of attorney. As far as the record shows Mrs. Willingham was never requested and never made any accounting of the store operation.

A certified public accountant, having completed an audit of the affairs of Mrs. Kate B. Willingham, deceased, under order of the court, testified as to the records of the store. The records prior to 1951 were incomplete except bank records which were examined back to 1946. In the two "Store Accounts" carried in the name of Kate B. Willingham were deposited store sales, cotton sales, gin rebates, coal sales, rent, interest from tenant charges, soybean sales, and some unidentified items. Withdrawals from the "Store Accounts" were made for store purchases, sales taxes, store repairs and expenses, farm expenses, settlement with tenants, purchases of hay, store lights, taxes and insurance. The books of the Willingham Store were such as an individual would maintain and did not reflect any interest of appellees or appellants. Income tax returns of Mrs. Kate B. Willingham reflected all the profits from the store and she paid the income taxes thereon. Mrs. Kate B. Willingham made a transfer from the "Store Accounts" each year to her individual accounts maintained in the name of Mrs. T. F. Willingham. The income from the F. B. Willingham farm land, Mrs. Kate B. Willingham farm lands, and the Willingham Store were commingled.

The parties to this appeal stipulated in the record the questions to be decided, as follows: "The appeal in this case is limited to the question of whether or not these 'Store Accounts' were the sole property of Mrs. Willingham and as such were bequeathed to Mrs. Eunice Swearengen and Mrs. Anna Mai Ruffin as 'money left', or whether such 'Store Accounts' were not the sole property of the Testatrix and did not, therefore, pass to Mesdames Swearengen and Ruffin under the bequest to them of the 'money left.'

"In the determination of this question, it is pertinent to the appeal to determine whether or not the store was the property of the Testatrix, and if it were not her sole property, to determine to whom the 'Store Accounts' belong. The Final Decree appealed from held that the store and the 'Store Accounts' were the property of a partnership and not the property of the Testatrix, and this finding is specifically a subject of the appeal."

Mrs. Kate B. Willingham took over the operation of the Willingham Store as agent under the power of attorney executed June 6, 1929. She operated thereunder for herself to the extent of her interest and as the agent for her children, and she continued the operation until she died in 1954. There is nothing in the record to indicate the power of attorney was ever revoked, except that when F. B. Willingham died in 1937 it was revoked as to him. F. B. Willingham's interest was inherited by the other owners of the store and the revocation of his power of attorney could not have vested title to the store in Mrs. Kate B. Willingham. Of course, she inherited from F. B. Willingham her one-fifth of his interest. Mrs. Willingham operated the store as if she owned it, that is, in her own name. She paid the income taxes on the profits in her own name, but whether the taxes came out of her individual account or that of the store profits is not shown, nor would it make any difference. There is no evidence that her children, the appellees and appellants, ever made any gift, or executed any conveyance, to Mrs. Kate B. Willingham conveying the Willingham Store.

██ █ Where several co-owners of a business constitute one of the owners as agent to manage the business with the unrestricted right and power to use and operate the same without limit as to time, the agency will be presumed to continue as long as the agent continues the operation of the business. 2 Am. Jur., Agency, Section 35, page 36. In the absence of evidence of a termination

of the agency it continued until Mrs. Willingham's death. Since there was no evidence of the termination of the agency either by revocation of the power of attorney, transfer of title to Mrs. Willingham, or otherwise, the chancellor would not have been warranted in finding that Mrs. Willingham was the sole owner of the store.

 Title to the "Store Accounts" in the two banks in which Mrs. Willingham deposited the receipts from the store were a part of the operation and followed the title to the store business. The ownership of the store itself settles the ownership of the bank accounts known as "Store Accounts." The fact that Mrs. Willingham deposited in these accounts receipts from farming the F. B. Willingham lands (as agent for the other owners) and some of the income from her own farm operations, did not change the ownership of the bank accounts. Mrs. Willingham withdrew from the "Store Accounts" each year and deposited the withdrawal in her individual account, and she may have made adjustments for her funds deposited in the "Store Accounts."

Appellants contend that the chancellor erred in finding that the store was a partnership business. We find it unnecessary to decide whether there was a partnership between Mrs. Willingham and her children. The ownership of the store and the bank accounts was correctly determined.

 In the stipulation filed by the appellees, appellants, and the executrix, it is agreed that this Court may allow the executrix to pay her attorney a reasonable fee to be fixed by this Court out of the funds belonging to the estate of Mrs. Kate B. Willingham. This litigation is between the appellants and appellees. The executrix individually is one of the appellees. The attorney for the executrix filed a brief on this appeal in which he urges this Court to affirm the decree below, which decree is contrary to the interests of the estate. We are unable to understand how the brief filed on behalf of the execu-

trix could be of any benefit to the estate. Actually, this brief takes a position contrary to the interests of the estate but consistent with the interests of the executrix as an individual. We conclude that as far as this Court is concerned the estate of Mrs. Willingham should not be required to pay for legal services rendered in the interest of the executrix in her individual capacity and which is of no benefit to the estate itself. 33 C. J. S., Executors and Administrators, Section 226 (c), (d).

Affirmed and remanded.

*Hall, Kyle, Holmes* and *Ethridge, JJ.,* concur.